23-648

IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

Yehuda Herskovic,

*Plaintiff-Appellant*,

v.

Verizon Wireless,

*Defendant-Appellee.*

_____

*On Appeal from the United States District Court
for the Eastern District of New York*

**SUPPLEMENTAL BRIEF FOR DEFENDANT-APPELLEE**

| | |
|---|---|
| HASAPIDIS LAW OFFICES | MCGIVNEY KLUGER CLARK & |
| 111 Brook Street | INTOCCIA, P.C. |
| Scarsdale, NY 10583 | 80 Broad Street, 23rd Floor |
| Tel: (914) 533-3049 | New York, New York 10004 |
| Email: agh@hasapidislaw.com | |

*Attorneys for Defendant-Appellee*
Cellco Partnership d/b/a Verizon Wireless

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ...................................................................................... II

**TABLE OF AUTHORITIES** ...................................................................................... II

**I.   INTRODUCTION** .................................................................................................. 1

**II.  ARGUMENT** ........................................................................................................... 2

    THE PLEADINGS ALLEGE AN FCRA CLAIM, AND APPELLANT ADMITTED AS
        MUCH. .................................................................................................................. 2

**III. CONCLUSION** ..................................................................................................... 10

# TABLE OF AUTHORITIES

                                                                                                  Page(s)

**Cases**

*Badgerow v. Walters,*
  596 U.S. 1 [2022] ............................................................................................. 6, 8
*Beneficial Nat'l Bank v. Anderson,*
  539 U.S. 1 [2003] ................................................................................................ 4
*Doscher v. Sea Port Grp. Sec., LLC,*
  832 F.3d 372 [2d Cir. 2016] ................................................................................ 7
*Fracasse v. People's United Bank,*
  747 F.3d 141 [2d Cir. 2014] ................................................................................ 5
*Gunn v. Minton,*
  568 U.S. 251 [2013] ............................................................................................ 7
*Hall Street Associates, L.L.C. v. Mattel, Inc.,*
  552 U.S. 576 [2008] ............................................................................................ 7
*Marcus v. AT&T Corp.,*
  138 F.3d 46 [2d Cir. 1998] .................................................................................. 4
*New York ex rel. Jacobson v. Wells Fargo Nat'l Bank, N.A.,*
  824 F.3d 308 [2d Cir. 2016] ................................................................................ 4
*Pan Am. Petroleum Corp. v. Superior Ct. of Del. in & for New Castle Cty.,*
  366 U.S. 656 [1961] ............................................................................................ 4
*Romano v. Kazacos,*
  609 F.3d 512 [2d Cir. 2010] ................................................................................ 4
*State ex rel. Tong v. Exxon Mobil Corp.,*
  83 F.4th 122 [2d Cir. 2023] ............................................................................. 3, 5
*Trustees of New York State Nurses Ass'n Pension Plan v. White Oak Glob.*
   *Advisors, LLC,*
  102 F.4th 572 [2d Cir. 2024] ............................................................................ 7, 8
*Vaden v. Discover Bank,*
  556 U.S. 49 [2009] .............................................................................................. 7

**Statutes**

15 U.S.C.A. §1681n(a) ............................................................................................ 8
15 U.S.C.A. §1692e(2)(a) ........................................................................................ 8

**Rules**

Fed. R. App. P. 32(a) .................................................................................................. 11
Fed. R. App. P. 32(a)(5)-(6) ....................................................................................... 11
Fed. R. App. P. 32(a)(7)(B) ........................................................................................ 11
Fed. R. App. P. 32(f) ................................................................................................... 11

## I. INTRODUCTION

Defendant-Appellee Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless") respectfully submits this Supplemental Brief in furtherance of this Court's Order, dated August 20, 2024.

## II. ARGUMENT

**THE PLEADINGS ALLEGE AN FCRA CLAIM, AND APPELLANT ADMITTED AS MUCH.**

The Court has requested supplemental briefing on the following question:

"Was this case properly removed by Appellee from state court to federal court on the basis of the Fair Credit Reporting Act when the *pro se* complaint did not expressly allege a Fair Credit Reporting Act claim and Appellant subsequently disclaimed reliance on that law?"

The answer to this question is "yes" – for three reasons.

*First*, the record reveals that Appellant's purported disclaimer of reliance on the Fair Credit Reporting Act ("FCRA") was both disingenuous and illusory. Specifically, Appellant's self-serving statement that "this case is not a Fair Credit Reporting Act [case]" is belied by his admission just a few sentences down the same page that his "credit report" was also a "part" of the case, albeit a "small" one. (A-126). In fact, Appellant consistently alleged throughout the underlying litigation and arbitration that Appellee was "falsely reporting on his credit report that he owed money" (A-256; 411), and that as a result, Appellant was entitled to deletion of the negative reporting and $30,000 in damages (A-113-114; 411). These are plainly FCRA-based claims.

While Appellant omitted the FCRA (or any other cause of action) from his initial complaint, he specifically referenced the FCRA in his "amended" complaint (A-466), which he attached to his arbitration demand (A-489) and purported to file

in the trial court (Doc. No. 63). Appellant removed any doubt that his Complaint sought relief under the FCRA when he later asserted an FCRA claim in the parties' arbitration, and argued in his post-hearing brief that he was entitled to damages for Appellee's "willful" violation of the FCRA. (A-701, ¶ 54; A-707, ¶¶ 71-72). Critically, Appellant reaffirmed his reliance on the FCRA when he expressly petitioned the trial court to vacate the parties' arbitration award "inasmuch [as] it failed to consider damages under the FCRA." (A-504; A-527-532).

In other words, Appellant eventually admitted that he was asserting an FCRA claim all along, which the arbitrator adjudicated on the merits, issuing an award that the trial court later confirmed. This is perhaps why he never filed a formal motion to remand. Appellant's explicit assertion of an FCRA claim in the arbitration – and again in his petition to vacate the arbitration award – underscores that the case was properly removed based on Appellant's credit reporting allegations, and that the trial court had subject matter jurisdiction all along.

**Second**, the case cited in this Court's supplemental briefing request, *State ex rel. Tong v. Exxon Mobil Corp.*, 83 F.4th 122, 132–33 [2d Cir. 2023] (*Tong*), is distinguishable from the facts here. In *Tong*, this Court clarified the interplay between the well-pleaded complaint rule and the artful pleading rule for purposes of determining whether a case was removable to federal court.

Typically, under the well-pleaded complaint rule, "the party who brings a suit is master to decide what law he will rely upon," and a plaintiff may avoid federal jurisdiction by pleading only state claims even where a federal claim is also available. *Pan Am. Petroleum Corp. v. Superior Ct. of Del. in & for New Castle Cty.*, 366 U.S. 656, 662-63 [1961] (internal quotation marks omitted); *see also Marcus v. AT&T Corp.*, 138 F.3d 46, 52 [2d Cir. 1998]. The "general rule" is that federal courts lack federal-question jurisdiction "if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 [2003]; *see also New York ex rel. Jacobson v. Wells Fargo Nat'l Bank, N.A.*, 824 F.3d 308, 315 [2d Cir. 2016] ("[F]ederal-question jurisdiction is invoked by and large [where] plaintiffs plead[ ] a cause of action created by federal law.") (internal quotation marks omitted).

However, as a corollary to the well-pleaded complaint rule, the "artful pleading rule" prevents a plaintiff from avoiding removal by omitting necessary federal questions from his or her pleadings. *Romano v. Kazacos*, 609 F.3d 512, 518-19 [2d Cir. 2010] (quotation omitted).

The *Tong* Court considered (among other things) whether claims brought under a state statute trigger federal-question jurisdiction when they implicate a federal law. The plaintiff in *Tong* asserted eight claims under the Connecticut Unfair Trade Practices Act ("CUTPA"). The defendant removed the case to federal court

under the Outer Continental Shelf Lands Act ("OCSLA").  After the trial court granted the plaintiff's motion to remand the case to state court, the defendant appealed.

The *Tong* Court reaffirmed that only "[t]hree situations exist in which a complaint that does not allege a federal cause of action may nonetheless 'arise under' federal law for purposes of subject[-]matter jurisdiction."  83 F.4th at 133 (quoting *Fracasse v. People's United Bank*, 747 F.3d 141, 144 [2d Cir. 2014] (internal quotation marks omitted).  They are: (1) "if Congress expressly provides, by statute, for removal of state[-]law claims"; (2) "if the state[-]law claims are completely preempted by federal law"; and (3) "in certain cases if the vindication of a state[-]law right necessarily turns on a question of federal law." *Id.*

The *Tong* Court held that none of these exceptions to the well-pleaded complaint rule were applicable to the facts of that case.  In particular, the Court found that OCSLA did not completely preempt state law claims, and that the plaintiff's CUTPA claims could be resolved without reaching any federal issues.

This case is distinguishable from *Tong* on one key basis:  unlike the plaintiff in *Tong*, Appellant did not specifically allege any claims at all – either state or federal.  Instead, his complaint consisted entirely of factual allegations without any express legal theory tying them together.  In the absence of an actually-pled affirmative claim, Appellant's allegations of improper credit reporting placed

Appellee on notice only of an FCRA claim. (A-111 "they put it on my credit report as a negative ru[i]ning my credit"). Appellant later appeared to confirm his FCRA claim in the Amended Complaint:

> 40. Defendant abuses the credit report system knowing that consumers have a limited recourse, given that Congress has enacted the Fair Credit Reporting Act to foreclose otherwise valid causes of action under state law in favor of correct reporting. As a direct result, Plaintiff was unable to pursue the Small Claims Court to enjoin Defendant from further harassing Plaintiff (A-466).

These allegations can only be construed as Plaintiff's efforts to allege an FCRA claim. This interpretation of Appellant's allegations – that they stated an FCRA claim – was ultimately, and repeatedly, confirmed by Appellant's later admissions and representations (at arbitration and again in his petition to vacate the arbitration award) that he was asserting an FCRA claim.

***Third***, regardless of whether removal was proper, the trial court had independent jurisdiction over the parties' cross-petitions to confirm and to vacate the arbitration award because Appellant raised federal questions regarding his FCRA claim in his petition to vacate the arbitration award. The federal courts are "courts of limited jurisdiction, defined (within constitutional bounds) by federal statute." *Badgerow v. Walters*, 596 U.S. 1, 7 [2022]. "Congress has authorized the federal district courts to exercise original jurisdiction in 'all civil actions arising under the

Constitution, laws, or treaties of the United States.'" *Gunn v. Minton*, 568 U.S. 251, 257 [2013], quoting 28 U.S.C. §1331.4.

An action generally arises under federal law if a federal statute "creates the cause of action asserted." *Id.* "However, the FAA does not create a cause of action in the relevant sense." *Trustees of New York State Nurses Ass'n Pension Plan v. White Oak Glob. Advisors, LLC,* 102 F.4th 572, 593 [2d Cir. 2024]. Although the FAA authorizes parties to file petitions to compel arbitration and to confirm, vacate, or modify arbitral awards, it "bestow[s] no federal jurisdiction but rather requir[es] an independent jurisdictional basis" over such petitions. *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581–82 [2008].

In *Vaden*, the Supreme Court announced that subject matter jurisdiction over a petition to compel arbitration under FAA §4 is determined by the "look through" approach, whereby jurisdiction turns on the "underlying substantive controversy" to be arbitrated, even though the only controversy truly raised by the petition is the "arbitrability of the[ ] claims." *Vaden v. Discover Bank*, 556 U.S. 49, 62-63 [2009]. For more than a decade following *Vaden*, the Second Circuit concluded that the "look through" approach also extended to petitions to confirm, modify, or vacate arbitration awards under FAA §§9–11. See *Doscher v. Sea Port Grp. Sec., LLC*, 832 F.3d 372, 388 [2d Cir. 2016], abrogated by *Badgerow v. Walters*, 596 U.S. 1 [2022].

However, in *Badgerow*, "the Supreme Court held that *Vaden*'s 'look through' approach does not extend to petitions brought under FAA §§9–11, abrogating *Doscher* and its approach to jurisdictional rules under those provisions of the FAA." *Trustees of New York State Nurses*, 102 F.4th at 593, quoting *Badgerow*, 596 U.S. at 1. Instead, the Court determined that, absent diversity of citizenship between the parties, jurisdiction over a petition exists only if the "face of the application" shows that "federal law (beyond Section 9 or 10 itself) entitles the applicant to relief." *Id*. at 9.

Here, under *Badgerow*, the trial court had jurisdiction to confirm the arbitration award because Appellant raised multiple federal questions under the FCRA in his briefing on the parties' cross-petitions to confirm/vacate the arbitration award, including (1) whether "15 U.S.C.A. §1681n(a) … provides for statutory and punitive damages without 'evidence' of an actual injury" (A 739, ¶ 47); (2) whether the FCRA is a "private attorney-general statute" (A-740, ¶ 50); and (3) whether the FCRA is "unconstitutional" because "it allows the furnisher to slander a credit report [sic] and injure a person with impunity" (A-530, ¶ 98). Moreover, Appellant once again concedes in that same briefing that the parties' arbitration involved claims under both the FCRA and the Fair Debt Collection Practices Act ("FDCPA"):

> Defendant caused a debt collector to harass Plaintiff by falsely misrepresenting the amount of the debt, in violation of 15 U.S.C. §1692e(2)(a)…. Each of these violations were caused by Defendant in

8

maliciously unleashing debt collectors against Plaintiff based on false pretenses prohibited by the FDCPA. (A-510, ¶ 26).

The Plaintiff specifically pleads for damages under the FCRA…. [T]he arbitrator did not have any authority to dispose [sic] with liability under the FCRA. (A-525, ¶ 85).

Notwithstanding the unconstitutional part of the FCRA, Defendant falls within the liability of the FCRA. (A-530, ¶ 99).

(*See also* A-684-688, discussing Appellant's FCRA and FDCPA claims as presented in the arbitration). Appellant's invocations of federal law – made on the face of his application to vacate – establish that the trial court had jurisdiction to confirm the parties' arbitration award.

## III. CONCLUSION

The trial court had subject matter jurisdiction over Appellant's claims at the time of removal because his allegations plainly fell within the purview of the FCRA. Appellant pleaded that the FCRA governed his claims and reaffirmed that his pleadings alleged FCRA claims and requested relief under that statute. Moreover, the federal questions Appellant raised under the FCRA and FDCPA in his briefing further establish that the trial court had independent jurisdiction to confirm the arbitration award.

Dated: August 28, 2024

    Respectfully submitted,

    HASAPIDIS LAW OFFICES

    By   *s/ Annette G. Hasapidis*
    HASAPIDIS LAW OFFICES
    111 Brook Street
    Scarsdale, NY 10583
    Tel: (914) 533-3049
    Email: agh@hasapidislaw.com

    MCGIVNEY KLUGER CLARK &
    INTOCCIA, P.C.
    80 Broad Street, 23rd Floor
    New York, New York 10004

    *Attorneys for Defendant-Appellee*
    Cellco Partnership d/b/a Verizon Wireless

## IV. CERTIFICATE OF COMPLIANCE WITH FEDERAL RULE OF APPELLATE PROCEDURE 32(a)

I hereby certify that this brief complies with Fed. R. App. P. 32(a)(7)(B) because it contains 1,762 words, excluding the portions of the brief exempted by Rule 32(f), according to the count of Microsoft Word.

I further certify that this brief complies with the typeface and type-style requirements of Rule 32(a)(5)-(6) because it is printed in a proportionally spaced 14-point font, Times New Roman.

Dated: August 28, 2024

HASAPIDIS LAW OFFICES

By  *s/ Annette G. Hasapidis*
HASAPIDIS LAW OFFICES
111 Brook Street
Scarsdale, NY 10583
Tel: (914) 533-3049
Email: agh@hasapidislaw.com

MCGIVNEY KLUGER CLARK &
INTOCCIA, P.C.
80 Broad Street, 23rd Floor
New York, New York 10004

*Attorneys for Defendant-Appellee*
Cellco Partnership d/b/a Verizon Wireless