# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of September, two thousand twenty-four.

PRESENT:
>JOHN M. WALKER, JR.,
>MICHAEL H. PARK,
>ALISON J. NATHAN,
>>*Circuit Judges.*

_____

**Yehuda Herskovic,**

>*Plaintiff-Appellant,*

>v.                                                        23-648

**Verizon Wireless,**

>*Defendant-Appellee.*

_____

| FOR PLAINTIFF-APPELLANT: | Yehuda Herskovic, pro se, Brooklyn, NY. |
|---|---|
| FOR DEFENDANT-APPELLEE: | Annette G. Hasapidis, Hasapidis Law Offices, Scarsdale, NY; McGivney Kluger Clark & Intoccia, P.C., New York, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Hector Gonzalez, *Judge*), confirming an arbitral award and denying a motion to vacate after compelling arbitration.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and the matter is **REMANDED** with instructions to remand to state court.

Appellant Yehuda Herskovic, proceeding pro se, sued Cellco Partnership d/b/a Verizon Wireless ("Verizon") in New York state court, alleging that Verizon harassed him by sending a disputed termination fee to collections and reporting the debt to credit agencies. Herskovic claimed that the collection efforts and "fraudulent an[d] false" credit reports caused mental anguish and prevented him from opening a new credit card. App'x at 113-14. His handwritten complaint

sought $30,000 in damages and an order to "erase [the] charge[s] from collection on [his] credit report." *Id.* at 113. The complaint did not mention federal law, but Verizon nonetheless removed the case to federal court because the credit-report remedy concerned its responsibilities under the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

In a letter filed in the district court within 30 days of removal, Herskovic wrote that he "oppose[d] transferring this case to" federal court because it was "not a Fair Credit Reporting Act" case. App'x at 126. He asserted that his claim was for "false collections . . . harassment" and only "a small part [was] the credit report." *Id.* The district court did not act on the letter or address the propriety of removal.

On Verizon's motion, the district court compelled arbitration and stayed the case. The arbitrator ruled in Herskovic's favor, ordering Verizon to refrain from further collection efforts and reporting to credit agencies, but he denied Herskovic's claim for money damages. The district court later granted Verizon's application to confirm the award and denied Herskovic's application to vacate. This appeal followed.

The parties' initial briefs did not address the propriety of the removal from state court to federal court, so we requested supplemental briefing because erroneous removal can implicate subject-matter jurisdiction. *See Solomon v. St. Joseph Hosp.*, 62 F.4th 54, 59-60 (2d Cir. 2023). We now conclude that removal was improper and that remand to state court is warranted.

Under the well-pleaded complaint rule, a defendant can invoke federal-question jurisdiction to remove a case to federal court only if the federal question "is presented on the face of the plaintiff's properly pleaded complaint." *State ex rel. Tong v. Exxon Mobil Corp.*, 83 F.4th 122, 132 (2d Cir. 2023) (internal quotation marks omitted). Put differently, removal is not proper unless the complaint "affirmatively allege[s] a federal claim." *Id.* Federal defenses are inadequate to support removal. *Id.* "Where, as here, jurisdiction is asserted by a defendant in a removal petition, . . . the defendant has the burden of establishing that removal is proper." *United Food & Com. Workers, Loc. 919, AFL-CIO v. Centermark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994). The defendant "may not be relieved of its burden by any formal procedure," *id.* (quotation marks and alterations omitted), and this Court "resolv[es] any doubts against

4

removability," *Tong*, 83 F.4th at 132 (quotation marks omitted).

Verizon has not met that burden. Herskovic's complaint did not affirmatively raise a federal claim. Although correcting his credit report might have implicated an exclusive federal remedy, the exclusivity of a remedy is a federal defense, not an element of a federal claim. And to the extent that Herskovic's complaint was ambiguous, he timely challenged removal and disavowed reliance on the FCRA. *See Vitarroz Corp. v. Borden, Inc.*, 644 F.2d 960, 964-65 (2d Cir. 1981) (endorsing the filing of a "prompt motion to remand" to challenge the removal of an "ambiguous" complaint that could arise under either state or federal law).[1]

Verizon's arguments for removal are unconvincing.[2] Verizon argues that Herskovic's references to the FCRA in arbitration and later briefs "reaffirmed" his reliance on federal law. But Verizon points to no case law supporting the

---

[1] Herskovic's letter opposing removal did not include a formal motion to remand the case as described in 28 U.S.C. § 1447(c), but Herskovic's pro se filings are entitled to liberal construction. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). The district court erred by failing to treat the letter as a motion to remand.

[2] Verizon appears to have abandoned its argument that removal could be grounded on the doctrine of complete preemption. *Cf.* App'x at 118-19.

5

proposition that subsequent litigation positions can reform an improperly removed complaint. And while the voluntary addition of a federal claim to an amended complaint can cure a removal defect, *see, e.g.*, *Barbara v. N.Y. Stock Exch., Inc.*, 99 F.3d 49, 56 (2d Cir. 1996), *abrogated on other grounds by Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S. 374 (2016), Herskovic's amended complaint did not clearly state a federal claim either. In any event, Herskovic was never granted leave to amend his complaint.

Finally, Verizon argues that "regardless of whether removal was proper," the district court "had independent jurisdiction" over the motions to confirm and vacate the award. But to the extent that district courts have jurisdiction over applications to confirm or vacate an arbitral award under the Federal Arbitration Act, *see Badgerow v. Walters*, 596 U.S. 1, 11 (2022), neither Verizon's nor Herskovic's application reveals a federal jurisdictional basis on its face.

In sum, Verizon has not shown that removal was proper. The district court thus lacked jurisdiction to compel arbitration, deny Herskovic's vacatur application, or confirm the arbitral award. We thus **VACATE** the district court's judgment and **REMAND** with instructions to remand the case back to state

6

court. Following the example of our Third Circuit colleagues in a recent case, we stress that we do not "reach the question of whether the arbitration award remains valid and enforceable," as the answer "lies with a court of competent jurisdiction"—here, the state court. *George v. Rushmore Serv. Ctr., LLC*, No. 23-2189, ___ F.4th ___, 2024 WL 3765759, at *10 (3d Cir. Aug. 13, 2024).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court